# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 95-60746
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JASON WILEY,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi

(1:95-CR007-D)

December 26, 1996

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jason Wiley appeals his convictions of conspiracy to possess with intent to distribute crack

cocaine and aiding and abetting in the possession with intent to distribute crack cocaine. Wiley

argues that the evidence was insufficient to support these convictions.

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Wiley moved for a judgment of acquittal after the government rested its case but failed to renew his motion after presenting his defense. Because he did not renew his motion for acquittal, Wiley waived any objection to the district court's denial of this motion.[1] In this procedural posture, our review of Wiley's insufficiency of the evidence claim is limited to determining whether a "manifest miscarriage of justice" occurred.[2] A manifest miscarriage of justice has occurred only where "the record is devoid of evidence pointing to guilt or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking".[3]

We have carefully reviewed the briefs of the parties and the record in this case. We find no manifest miscarriage of justice has occurred. Accordingly, we AFFIRM.

---

[1] *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988).

[2] *United States v. Laury*, 49 F.3d 145, 151 (5th Cir.), *cert. denied*, --U.S.--, 116 S.Ct. 162, 133 L.Ed.2d 105 (1995). ; *United States v. Shaw*, 920 F.2d 1225, 1230 (5th Cir.), *cert. denied*, 500 U.S. 926, 11 S.Ct. 2038, 114 L.Ed.2d 122 (1991).

[3] *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir.), *cert. denied*, 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992) (*internal citations and quotations omitted*).